**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____  )
                               )
BERKSHIRE MED. CTR., et al.    )
                               )
       Plaintiffs,             )
                               )
       v.                      )
                               ) Civil Action No. 04-1562 (RWR)
TOMMY G. THOMPSON,             )
                               )
       Defendant.              )
_____  )
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Massachusetts hospital, filed this suit seeking an order directing the Secretary of Health and Human Services to reopen Medicare cost reports from previous years and to provide reimbursements for a state assessment as required under 42 C.F.R. § 405.1885(d). Upon the parties' request, this case was stayed until after Bradley Memorial Hospital v. Leavitt, Civil Action No. 04-416 (EGS) (D.D.C.) was fully resolved. Defendant now moves to modify that stay. Because the reasons for imposing the stay remain valid, the defendant's motion to modify the stay will be denied.

BACKGROUND

The parties jointly moved for a stay of the proceedings in three Massachusetts hospital cases,[1] requesting that this case,

---

[1] Milton Hospital v. Thompson, Civil Action No. 04-1497 (RWR) (D.D.C. filed Aug. 30, 2004); Dana-Farber Cancer Inst. v. Thompson, Civil Action No. 04-1537 (RWR) (D.D.C. filed Sept. 3, 2004); and this case, filed on Sept. 9, 2004.

- 2 -

along with the two others, be stayed pending the outcome of Bradley.  (See Joint Mot. for a Stay of Proceedings.)  In support of their joint motion, the parties represented that the claims and defenses presented in Bradley were "virtually identical" to the claims and defenses raised here.  (Supplemental Mem. in Supp. of Joint Mot. for a Stay of Proceedings ("Supplemental Mem.") at 5.)  The parties also argued that staying this case would "facilitate more economic proceedings and/or possible settlement discussion in the future."  (Id.)  Based on the parties' representations, a stay was ordered.  (See Order of Mar. 10, 2005.)

After this case was stayed, the Bradley plaintiffs amended their complaint.  (See Pls.' First Am. Compl., Bradley, Jan. 31, 2005.)  Thereafter, a separate set of plaintiffs represented by the same counsel as in Milton, Dana-Farber, Berkshire, and Bradley, filed suit against the defendant, on the basis of virtually the same claims raised in the four already-filed cases.  (See Compl., Fairview Hospital v. Leavitt, Civil Action No. 05-1065 (RWR) (D.D.C. May 27, 2005).)  In response, defendant filed a motion to modify the stay in the instant case by substituting Fairview for Bradley as the "lead" case.  Defendant contends that the amended complaint in Bradley made new allegations not present in any of the other cases' complaints "about the conduct and payment practices of a succession of fiscal agents that processed

- 3 -

hospital costs in Connecticut," and involve "entirely different fiscal agents processing cost reports for different hospitals in a different state."  (Def.'s Mot., & Mem. in Supp. Thereof, to Modify Stay of Proceedings ("Def.'s Mot. to Modify Stay") at 2.)

Arguing that Bradley "now turns on the alleged legal significance of a particular statement allegedly made by a particular Medicare intermediary on the basis of what is alleged to be a particular state of subjective knowledge that is alleged to have been shared by three successive intermediaries" (Def.'s Reply in Supp. of Mot. to Modify Stay of Proceedings ("Def.'s Reply") at 2), defendant claims that the addition of these detailed facts makes Fairview a more appropriate "lead" case than Bradley.  (Def.'s Mot. to Modify Stay at 2.)

DISCUSSION

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."  Marsh v. Johnson, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  "The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay."  Id. (citing Dano Res. Recovery v. Dist. of Columbia, 923 F. Supp. 249, 252 (D.D.C. 1996)).  When exercising their inherent authority to stay cases, district courts must be aware of changing facts and circumstances.  See Landis, 299 U.S. at 256 ("We must be on our

- 4 -

guard against depriving the processes of justice of their suppleness of adaptation to varying conditions.")  "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay *sua sponte* or upon motion."  <u>Marsh</u>, 263 F. Supp. 2d at 52 (emphasis original) (citing <u>Dano Res. Recovery</u>, 923 F. Supp. at 252).

 The development of more particularized factual allegations by the <u>Bradley</u> plaintiffs comes as no surprise.  Upon moving to stay this case, both parties represented that the "factual developments in this case may reveal differences in the nature of the communications between the hospitals and the Secretary/intermediary concerning the status of the state tax assessment."  (Supplemental Mem. at 4.)  Further, the defendant acknowledges that when he asked for a stay of this case he "was aware that the stayed cases involved the Medicare treatment of entirely different taxes imposed on entirely different hospitals in entirely different states."  (Def.'s Reply at 2.)  The defendant seems to have anticipated the changes of which he now complains.

 Additionally, the reasons for originally imposing the stay and designating <u>Bradley</u> as the lead case remain valid.  The legal claims brought against the defendant in all of the cases

- 5 -

identified are identical.[2]  Moreover, the defenses raised in Bradley and Fairview, the only two cases where dispositive briefing has begun, are also the same.[3]

### CONCLUSION AND ORDER

Because the legal claims and defenses raised in Bradley have not changed, and because defendant anticipated the factual differences between Bradley and this case, the reasons for imposing the stay have not lost their force and the defendant's motion to modify the stay will be denied.  Accordingly, it is hereby

ORDERED that defendant's motion [11] to modify the stay of proceedings be, and hereby is, DENIED.

SIGNED this 24th day of May, 2007.

                                                    /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge

---

[2]  Compare Milton Compl., with Bradley Pls.' First Am. Compl. and Fairview Pls.' First Am. Compl.

[3]  Compare Bradley Def.'s Mot. to Dismiss Pls.' First Am. Compl., with Fairview Def.'s Mot. to Dismiss, or for Summary Judgement.